# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JORGE CRUZ, )<br>)<br>   Plaintiff, )<br>) <br>v. )<br>)<br>YES COMMUNITIES, INC., )<br>)<br>   Defendant. )<br>_____ ) | Civil Action File<br>No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Jorge Cruz ("Mr. Cruz"), by and through undersigned counsel, and files this Complaint for Damages against Yes Communities, Inc. ("Defendant"), showing the Court as follows:

## INTRODUCTION

1.

During the employment of Mr. Cruz, Defendant violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., as amended (the "FLSA"), by failing to pay Mr. Cruz at the required overtime rate for all hours worked in excess of 40 per week, and by terminating Mr. Cruz due to his complaints of non-payment.

1

2.

As a result of Defendant's FLSA violations, Mr. Cruz is seeking unpaid regular wages, unpaid overtime compensation, lost wages, liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the instant action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) and (c) because the acts giving rise to this Complaint occurred within this District, and because Defendant is subject to this Court's personal jurisdiction.

## PARTIES

5.

Mr. Cruz resides in Gwinnett County and is a permanent resident of the United States.

6.

At all times material hereto, Mr. Cruz was a non-exempt "employee" of Defendant for purposes of the FLSA.

7.

At all times material hereto, Mr. Cruz handled, sold, and/or worked on goods or materials that have been moved in or produced for commerce and was thus engaged in commerce during his employment with Defendant.

8.

Yes Communities, Inc. ("Defendant") is a foreign Corporation, organized under the laws of Delaware, with a principal office address of 2401 15th Street, Suite 250, Denver, Colorado 80202.  Defendant regularly does business in the State of Georgia and may be served through its registered agent, Corporation Service Company, at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

9.

At all times material hereto, Defendant was Mr. Cruz's "employer" for purposes of the FLSA.

10.

At all times material hereto, Defendant had two or more employees who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce. On information and belief, Defendant's annual gross volume of sales made or business done was at least $500,000.00 during Mr. Cruz's

employment.  Thus, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s) of the FLSA.

## FACTUAL ALLEGATIONS

11.

Defendant operates manufactured home communities across the country, including the Smoke Creek community in Snellville, Georgia.

12.

Mr. Cruz worked for Defendant as a maintenance technician at the Smoke Creek community from in or around July 2014, until his termination on April 13, 2015.

13.

Defendant agreed to compensate Mr. Cruz at the rate of $13.50 per hour for each hour worked.

14.

Throughout Mr. Cruz's employment, Defendant required Mr. Cruz to respond to emergency or after-hours maintenance requests while Mr. Cruz was "off the clock."

15.

Though Defendant was aware of the fact that Mr. Cruz frequently performed off the clock work, Defendant consistently failed to pay Mr. Cruz for hours worked off the clock and often failed to compensate Mr. Cruz for all of his recorded hours.

16.

Although Mr. Cruz frequently worked in excess of 40 hours per week, Defendant consistently failed to pay Mr. Cruz at the required overtime rate for all hours worked in excess of 40 per week.

17.

Mr. Cruz estimates that he worked an average of 12 hours of unpaid overtime in each of the approximately 40 weeks in which he worked for Defendant.

18.

Defendant knowingly suffered or permitted Mr. Cruz to work more than 40 hours per week.

19.

On information and belief, Defendant failed to make, keep, and preserve accurate records sufficient to determine the number of hours actually worked by Mr. Cruz.

20.

Mr. Cruz complained to Melissa Diaz, Smoke Creek's manager and Mr. Cruz's direct supervisor, on multiple occasions regarding Defendant's failure to pay Mr. Cruz for all hours worked and failure to pay Mr. Cruz overtime compensation for hours worked in excess of 40 per week.

21.

As a direct result of Mr. Cruz's wage complaints, Defendant terminated Mr. Cruz's employment, in violation of the FLSA's anti-retaliation provisions.

22.

Before initiating the instant suit, Mr. Cruz attempted to resolve these claims outside of litigation; however, Defendant refused to pay Mr. Cruz the unpaid compensation and lost wages due to him.

23.

Defendant has not made a good faith effort to comply with the FLSA with respect to Mr. Cruz.

**COUNT ONE:  VIOLATION OF FLSA (OVERTIME)**

24.

Mr. Cruz realleges and incorporates Paragraphs 1 through 23 of this Complaint, as if fully set forth herein.

25.

At all times relevant hereto, Mr. Cruz was a non-exempt employee of Defendant for purposes of the FLSA. Thus, Defendant was obligated to pay Mr. Cruz at least one and one-half times his regular rate for each hour worked in excess of 40 hours per week.

26.

By failing to pay Mr. Cruz overtime compensation in accordance with § 207 of the FLSA, and by failing to make, keep, and preserve accurate records concerning Mr. Cruz's employment, despite knowledge of Mr. Cruz's status as a non-exempt employee, Defendant willfully, intentionally, knowingly, and/or recklessly violated the FLSA, in bad faith.

27.

As a result of Defendant's violations of the FLSA's overtime provisions, Mr. Cruz is entitled to damages, including, without limitation, unpaid overtime compensation, liquidated damages, attorneys' fees, and costs pursuant to § 216 of the FLSA.

## COUNT TWO: VIOLATION OF FLSA (RETALIATION)

28.

Mr. Cruz realleges and incorporates Paragraphs 1 through 27 of this Complaint, as if fully set forth herein.

29.

In complaining about Defendant's failure to compensate him for all hours worked and at the legally required overtime rate, Mr. Cruz engaged in protected activity under the FLSA.

30.

By terminating Mr. Cruz's employment as a result of his complaints concerning Defendant's FLSA violations, Defendant unlawfully retaliated against Mr. Cruz, in violation of § 215 of the FLSA.

31.

Defendant's retaliatory conduct towards Mr. Cruz was willful, intentional, malicious and/or reckless.

32.

Defendant's retaliatory acts would dissuade reasonable employees of Defendant from making complaints regarding Defendant's unlawful compensation practices.

33.

Due to the unlawful retaliation to which Mr. Cruz was subjected, Mr. Cruz has suffered and continues to suffer harm, including financial loss and emotional distress.

34.

As a result of Defendant's retaliation, Mr. Cruz is entitled to all legal and equitable relief available pursuant to § 216(b) of the FLSA, including but not limited to reinstatement, front pay, back pay, liquidated damages in an amount equal to all lost wages, non-pecuniary damages for emotional distress, attorneys' fees, and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Cruz prays:

(a)   That Defendant be served with process and required to answer this suit;

(b)   For a trial by a jury;

(c)   For judgment in favor of Mr. Cruz and against Defendant for all damages and relief allowed by law, including but not limited to actual damages, liquidated damages, nominal damages, equitable relief, and punitive damages;

(d) For an award of litigation expenses and costs, including attorneys' fees; and

(e) For such other and further relief as this Court deems just and proper.

Respectfully submitted this  20th day of July, 2015.

**COHAN LAW GROUP, LLC**

*/s/ Louis R. Cohan*

LOUIS R. COHAN
Georgia Bar No. 173357
MICHELLE L. WEIN
Georgia Bar No. 385424
*Attorneys for Plaintiff*

3340 Peachtree Road NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
mwein@cohanlawgroup.com