IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JORGE CRUZ, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | Civil Action File |
| v. ) | No. 1:15-cv-02578-LMM |
| ) | |
| YES COMMUNITIES, INC., ) | |
| ) | |
|     Defendant. ) | |
| ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Plaintiff Jorge Cruz hereby responds to Defendant Yes Communities, Inc.'s Motion to Enforce Settlement Agreement, showing the Court as follows:

**STATEMENT OF FACTS**

The Court need look no further than Defendant's extensively edited response to Plaintiff's settlement offer, attached hereto as Exhibit 1, to know that there was no meeting of the minds and thus, no agreement. Of course, it was no more difficult for Defendant to know there was no settlement. Defendant could have signed and returned the settlement documents proposed by Plaintiff. That would have created an agreement. Instead, Defendant made material changes to the settlement documents (see Ex. 1), and thus rejected Plaintiff's offer and made a

counteroffer.  Defendant does not assert and it is undisputed that Plaintiff never agreed to Defendant's counteroffer. Defendant knows full well there was no agreement, but filed this Motion notwithstanding.  Defendant's Motion is frivolous on its face.  This Court should seek to discourage the filing of this sort of patently frivolous Motion.

The parties attempted to settle Plaintiff's claims.  As is sometimes the case, the devil was in the details and no agreement was reached. Despite Defendant's contentions otherwise, there was no meeting of the minds as to all essential terms of the would-be agreement, and no valid, binding settlement agreement ever arose. Furthermore, the FLSA's requirement of prior court approval precludes any reasonable belief by Defendant that an agreement exists.

On the evening of December 18, 2015, the parties agreed on the amount to be paid to settle the case, subject to agreement as to all other material terms.  See Exhibit 2 and Exhibit 3 (informing the Court that, *subject to circulation of settlement documentation and Court approval*, the parties had reached a settlement).  Plaintiff expressly informed Defendant that "[g]etting this paid before the end of the year (only 6 working days) is critical."  See Exhibit 2.  As the Court informed the parties that it would not be able to address the parties' agreement until January 2016 unless a settlement approval conference could be held on the

morning of December 21, 2015, the agreement's success depended upon its quick execution.

Timing being critical and time available being short, on the evening of Friday the 18th, Plaintiff's counsel worked until almost 9 p.m. on the settlement documents. The next morning, on Saturday, December 19th, Plaintiff's counsel resumed work on the documents at approximately 5:30 a.m. and sent a draft agreement to Defendant at 7:44 a.m. which set forth the terms upon which Plaintiff was willing to settle. See Exhibit 4. Plaintiff's counsel intended to produce the first draft as quickly as possible to maximize the amount of time available for Defendant to respond and with the hope that any disagreements could be negotiated to a settlement during the weekend. In that correspondence and the emails that followed, Plaintiff's counsel again made clear to Defendant that timing was critical to the parties' agreement, and that Plaintiff reserved the right to make changes to the agreement after a review of any response. Id. By Sunday morning, not only had Defendant not responded substantively, it also gave no indication of when it would respond. Plaintiff's counsel was wholly unavailable after 2:00 p.m. on Sunday, December 20th and informed Defendant. Id. Defense counsel's response was, "Don't dictate when you expect things from me." Id. When Defendant failed to respond to Plaintiff's proposed settlement agreement,

Plaintiff's counsel informed the Court that settlement communications had broken down and that the scheduled settlement conference was no longer necessary.  See Exhibit 5.

Shortly after 2:00 p.m. on Sunday, Defendant did respond to Plaintiff's proposed settlement agreement, but Defendant did not accept the Agreement. Rather, Defendant sent the extensively edited document attached hereto as Exhibit 1.  Defendant's edits materially altered the parties' agreement.  By way of example, Defendant's counteroffer included the following non-agreed upon changes:

- Plaintiff agreed to accept $22,173.22 in settlement of his claim for liquidated and other non-wage damages, with $21,173.22 to be paid upfront, and the remaining $1,000.00 to be paid after Plaintiff relinquished ownership and possession of his home to Defendants in acceptable condition.  Defendant unilaterally changed this provision so that Plaintiff would receive $17,173.22 after execution and approval of the agreement, and $5,000.00 after meeting certain additional requirements inserted by Defendant.  See Ex. 1, para. 2(b) of the redlined agreement.
- Plaintiff agreed to settle his claims in part based upon Defendant's promise to satisfy Plaintiff's mortgage and lot rent requirements up to and through

4

January 31, 2016. Defendant then unilaterally altered the parties' agreement to impose liability on Plaintiff for this amount in the event Plaintiff did not comply with certain obligations asserted by Defendant—the satisfaction of which was left to Defendant's sole discretion. See Ex. 1, para. 3 of the redlined agreement.

- Plaintiff agreed to transfer ownership and possession of his home to Defendant in exchange for Defendant's proof of satisfaction of Plaintiff's mortgage. Defendant's counteroffer rejected that term and, instead, proposed to provide proof of payment of the mortgage loan seven business days *after* Plaintiff delivered ownership and possession, and only upon Plaintiff's satisfaction of other conditions. See Ex. 1, para. 3(f) of the redlined agreement.

These changes, among others, were significant, and they materially altered the spirit of the parties' proposed settlement agreement. This is particularly so in the context of an FLSA settlement, where the addition of non-monetary terms and concessions tends to diminish the fairness of a plaintiff's compromise of his claim for unpaid wages. The parties never reached a final agreement and there is thus no settlement to enforce. This Court should deny Defendant's Motion.

## ARGUMENT AND CITATION OF AUTHORITY

**1.    The parties did not agree to all essential terms of the proposed settlement, and no valid settlement agreement exists under Georgia Law.**

The construction and enforcement of settlement agreements is governed by principles of state contract law.  See Hayes v. National Serv. Indus., 196 F.3d 1252, 1254 (11th Cir. 1999).  Although Georgia law favors compromise, "a trial court is obviously limited to those terms upon which the parties themselves have mutually agreed" when considering the enforceability of an alleged settlement agreement.  Kemper v. Brown, 325 Ga. App. 806, 808 (2014).  In the present case, the parties attempted and intended to reach an agreement of settlement; however, the parties never agreed upon certain essential terms of the agreement.

"To establish a contract, the offer must be accepted unequivocally and without variance of any sort.  A purported acceptance of an offer that varies even one term of the original offer is a counteroffer."  Kemper at 808.  In Kemper, the plaintiff sent the defendant insurance company a demand letter offering to execute a release of her claims in exchange for $25,000.  Id. at 807.  In response, the defendant sent the plaintiff a check for the demanded amount, a release form, and a letter stating: "[in] concluding the settlement, we are entrusting that you place the money in an escrow account in regards to any and all liens pending.  This demand

6

is being asserted to protect the lien's interest." Id. Because this purported acceptance imposed additional conditions that the plaintiff had not agreed to, the Kemper Court construed the defendant's response as a counteroffer "rather than an unconditional and unequivocal acceptance," and reversed the trial court's order granting the defendant's motion to enforce. Id. at 809.

As in Kemper, Defendant's redlined agreement materially altered the settlement terms offered by Plaintiff in this case. Defendant's counteroffer not only changed the terms of payment to Plaintiff, it also altered Plaintiff's liability for default of the agreement and required Plaintiff to transfer ownership of his real property to Defendant *before* receiving proof of Defendant's payment of Plaintiff's mortgage, among other material changes. See Ex. 5, redlined agreement. As a result, Defendant's response to Plaintiff's settlement offer amounts to a counteroffer—not an acceptance. See, e.g. Lexington Nat'l Bail Servs. v. Spence, 2007 U.S. Dist. LEXIS 22431 (N.D. Ga. 2007) (denying motion to enforce settlement agreement where, after the parties had informed the Court that the case had settled, the parties' differing settlement drafts indicated that the defendant failed to unconditionally accept the plaintiff's settlement offer, and the failure to agree on essential terms rendered the entire agreement unenforceable).

Though Defendant argues that its unilateral alteration of material settlement terms proposed by Plaintiff somehow does *not* amount to a counteroffer, Defendant cites to no authority in support of this position. Because the parties have not mutually agreed upon several material terms of the settlement agreement contemplated in this case, no enforceable agreement exists and Defendant's Motion should be denied.

## 2. The settlement agreement is unenforceable under the FLSA.

As set forth in Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350 (11th Cir, 1982) and its progeny, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees," 679 F.2d at 1352. The first is under the supervision of the Secretary of Labor. The second is via stipulated judgment entered by the district court after "scrutinizing the settlement for fairness." Id. at 1353.

In its Motion to Enforce, Defendant asks this Court to compel Plaintiff to comply with the terms of the parties' purported settlement agreement. In doing so, however, Defendant ignores the fact that no enforceable agreement exists absent this Court's prior approval of the agreement. Defendant cites to two cases concerning motions to enforce settlement agreements under the FLSA: Solis v. Magana, 2010 U.S. Dist. LEXIS 29937 (E.D. Tn. March 26, 2010) and Brock v.

Scheuner Corp., 841 F.2d 151 (6th Cir. 1988).  Neither case is binding precedent. More significantly, Solis and Brock each concern a settlement supervised by the Secretary of Labor, where court approval was not a prerequisite to the finding of a valid agreement.   Thus, these opinions are inapposite to Defendant's arguments or the Court's analysis of the current dispute.

Contrary to Defendant's argument, the parties' have not reached an enforceable agreement, and Defendant's Motion should be denied.  Because the agreement between the parties was not made under the supervision of the Secretary of Labor, it is only valid if the Court enters a "stipulated judgment" approving the agreement.  Nall v. Mal-Motels, Inc. 723 F.3d 1304, 1306 (11th Cir. 2013).  As recently held by the Eleventh Circuit, "it takes two (or more) to stipulate, and a judgment to which one side objects is not a stipulated one."  Id.

The parties expressly conditioned the validity of the proposed settlement on Court approval and dismissal with prejudice.  Neither ever occurred.  Furthermore, Defendant cannot seek to enforce a settlement which lacks mutual agreement as to essential terms and is not valid under the FLSA.

## CONCLUSION

Defendant's Motion is frivolous. Defendant could not have reasonably believed that the Court would grant its Motion. Accordingly, Plaintiff respectfully

requests that the Court deny the Motion, and award and impose such other and further relief as the Court deems appropriate.

This 7th day of January, 2016.

                                              **COHAN LAW GROUP, LLC**

                                              ***/s/ Louis R. Cohan***
                                              LOUIS R. COHAN
                                              Georgia Bar No. 173357
                                              MICHELLE L. WEIN
                                              Georgia Bar No. 385424
                                              *Attorneys for Plaintiff*

3340 Peachtree Road NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
mwein@cohanlawgroup.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JORGE CRUZ,                )<br>                            )<br>    Plaintiff,            )<br>                            )<br>v.                          )<br>                            )<br>YES COMMUNITIES, INC.,      )<br>                            )<br>    Defendant.           )<br>                            ) | **Civil Action File**<br>**No. 1:15-cv-02578-LMM** |

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing ***Response to Defendant's Motion to Enforce Settlement Agreement*** using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

>Chad A. Shultz
>Leslie K. Eason
>Lauren D. Bellamy
>Julia C. Glasgow
>GORDON & REES LLP
>3455 Peachtree Road, Suite 1500
>Atlanta, GA 30326
>cshultz@gordonrees.com
>leason@gordonrees.com
>bellamy@gordonrees.com
>jglasgow@gordonrees.com

[SIGNATURE PAGE FOLLOWS]

This 7th day of January, 2016.

              **COHAN LAW GROUP, LLC**

              ***/s/ Louis R. Cohan***
              LOUIS R. COHAN
              Georgia Bar No. 173357
              MICHELLE L. WEIN
              Georgia Bar No. 385424
              *Attorneys for Plaintiff*

3340 Peachtree Road NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
mwein@cohanlawgroup.com