# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into as of February 18, 2016 by and between YES! COMMUNITIES, INC. ("Yes Communities" or "Defendant"), on the one hand, and JORGE CRUZ ("Cruz" or "Plaintiff"), on the other hand. Together, Defendant and Plaintiff are referred to as the "Parties."

## RECITALS

WHEREAS, on or about July 20, 2015, Plaintiff filed a lawsuit captioned *Jorge Cruz v. Yes Communities, Inc.*, Case No. 1:15-cv-02578-LMM in the U.S. District Court for the Northern District of Georgia against Defendant, alleging that Defendant violated the overtime compensation and anti-retaliation provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") (hereinafter, the "Litigation");

WHEREAS, on or about August 11, 2015, Defendant filed its Answer denying the allegations of Plaintiff's Complaint and setting forth its affirmative and other defenses;

WHEREAS, Plaintiff resides in a manufactured home located at 4255 Smoke Creek Parkway, Lot A14, Snellville, Georgia 30039 ("the Property") that collateralizes a loan ("the Loan") and is situated on real property leased by Plaintiff from Defendant via Plaintiff's payment of rent ("Lot Rent"); and

WHEREAS, the Parties desire to resolve their claims, disputes, and disagreements without any admission of liability.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual recitals, covenants and other good and valuable consideration recited herein, the receipt and legal sufficiency of which each party hereby acknowledges, agree as follows:

## SETTLEMENT TERMS

**1. Recitals.** The recitals stated above are hereby incorporated and made a part of this Agreement.

**2. Payment.** In consideration for signing this Agreement and the fulfillment of the promises contained herein, Defendant shall pay Plaintiff and his counsel a total sum of Sixty-Seven Thousand Fifty-Four Dollars and Forty-Seven Cents ($67,054.47) and shall further provide certain other, non-monetary relief to Plaintiff, as outlined in this Agreement (the "Settlement Payments"). Defendant shall pay the entire amount described above as set forth, below:

(a) One check made payable to Jorge Cruz, in the gross amount of Eight Thousand, Five Dollars and Zero Cents ($8,005.00) less all legally required taxes and

Page 1 of 7

withholdings (pursuant to Mr. Cruz's most recent Form W-4 on file with Defendant) to represent settlement of Plaintiff's claim(s) for unpaid wages. Defendant will issue an IRS Form W-2 for this amount. Defendant is to deliver this payment c/o Cohan Law Group, LLC 3340 Peachtree Rd., N.E. Suite 2570, Atlanta, Georgia 30326 ("CLG") so that it is actually received on or before February 22, 2016.

(b) One check made payable to Jorge Cruz, in the amount of Seventeen Thousand, One Hundred Seventy-Three Dollars and Twenty-Two Cents ($17,173.22) to represent settlement of his claim(s) for liquidated damages and other non-wage damages. Defendant will issue an IRS Form 1099 for this amount to Plaintiff specifically checking box 3 and designating the payment as "other income." Defendant is to deliver this payment c/o CLG so that it is actually received on or before February 22, 2016..

(c) One check made payable to the Cohan Law Group, LLC, in the amount of Thirty-four Thousand, Eight Hundred Twenty-One Dollars and Seventy-Eight Cents ($34,821.78) to represent attorneys' fees and costs incurred by Plaintiff. Defendant will issue an IRS Form 1099 for this amount specifically checking box 3 and designating the payment as "other income." Defendant is to deliver this payment to CLG so that it is actually received on or before February 22, 2016.

(d) One check made payable to Jorge Cruz, in the amount of Five Thousand Dollars and Zero Cents ($5,000.00), to represent the equity payment to Plaintiff in connection with his sale to Defendant of the Property, as further described below in Paragraph 3 (the "Equity Payment"). Defendant will issue an IRS Form 1099 for this amount to Plaintiff specifically checking box 3 and designating the payment as "other income." This amount will be delivered by Defendant one or before February 24, 2016 into the registry of the United States District Court for the Northern District of Georgia and will be delivered to Plaintiff c/o Cohan Law Group, LLC. if Plaintiff satisfies the duties and requirements delineated in Paragraph 3.

(e) Defendant will pay, cause to be credited, or otherwise satisfy the money now due and which will become due within the next thirty (30) days for Loan payments and Lot Rent ($2,054.47 or more). Defendant does hereby agree to indemnify and hold Plaintiff harmless of and from these liabilities, including any and all attorneys' fees and costs incurred by Plaintiff resulting from Defendant's failure to satisfy these payments, as agreed.

Plaintiff and CLG agree to provide Defendant the requisite tax identification numbers and other information, including executed W-9 forms, to execute the Settlement Payment.

The Parties acknowledge and agree that they are solely responsible for paying any attorneys' fees and costs they incurred, and that neither Party nor its attorney(s) will seek

any award of attorneys' fees, costs, or other monies from the other Party, except as otherwise provided in this Agreement.

3.  **Property Terms and Conditions.** Plaintiff agrees to sell to Defendant and Defendant agrees to buy from Plaintiff the Property for the outstanding amount of the Loan and the Equity Payment. To effectuate the transfer of ownership of the Property to Defendant, the Parties agree as follows:

(a)  Plaintiff warrants that the Property is in clean and good condition excepting for reasonable wear and tear. Plaintiff warrants that the Property is free from encumbrances other than the Loan and all utilities are current.

(b)  Defendant will conduct a preliminary walkthrough of the Property on February 22, 2016, and will take pictures at that time.

(c)  Plaintiff and all persons with whom he resides shall vacate the Property on or before noon on March 18, 2016 (the "Vacate Date"). The Property shall be free of all personal property and trash. The Property shall be in the same or similar condition as that at the time of the preliminary walkthrough. The Property shall be free from encumbrances other than the Loan and all utilities will be current.

(d)  Plaintiff will notify Defendant of the exact Vacate Date no later than ten (10) days before said date.

(e)  The parties will convene for closing (i.e., to sign the paperwork necessary to effect the transference of ownership of the Property from Plaintiff to Defendant) four (4) days or more before the Vacate Date on a mutually-agreeable date (the "Closing Date").

(f)  Within two (2) business days of the Closing Date, Defendant will provide Plaintiff with proof that the Loan has been paid in full and that any Note evidencing the Loan is satisfied.

(g)  Defendant shall conduct a good faith, final inspection of the Property within two days (2) after the Vacate Date. If Defendant determines that the Property is in the same or similar condition as that at the time of the preliminary walkthrough, it shall notify the Court of the same or the next business day so that the Equity Payment can be released from the Court's registry. If Defendant seeks to withhold some or all of the Equity Payment as a result of the inspection, any issue, matter, or condition upon which Defendant relies shall be documented at that time with photographs. Defendant will submit said photographs, photographs from the preliminary walkthrough of the Property, and an estimate of the amount of repairs to the Honorable Linda T. Walker for review. Judge Walker shall review the photographs to determine whether the Property has incurred material damage warranting a reduction of the Equity Payment and, if so, by how much. Judge Walker's decision shall be final and non-appealable.

4.  **Taxes.** Plaintiff shall be solely responsible for, and is legally bound to make payment of, any taxes determined to be due and owing (including penalties and interest related thereto) by him to any federal, state, local or regional taxing authority as a result of this Agreement. Plaintiff agrees to indemnify and hold Defendant harmless with respect to any taxes, interest, or penalties assessed against Defendant as a result of the Settlement Payments described herein. Defendant does not make any warranty or representation to Plaintiff or his counsel regarding the tax consequences of the monetary and non-monetary relief provided to Plaintiff under this Agreement—including, but not limited to, the treatment of certain monies as non-wage damages.

5.  **Court Approval of Agreement and Dismissal with Prejudice.** The Parties agree that immediately after all Parties have executed this Agreement, Defendant, at its own expense, and with Plaintiff's consent shall file a Joint Motion to Approve Settlement (with a proposed order). Upon Payment of all sums due pursuant to this Agreement, Defendant, at its own expense and with Plaintiff's consent, shall file a Stipulation of Dismissal with Prejudice of all claims, bought or that could have been brought in the Litigation. The Parties will cooperate and take all necessary steps to effectuate final judicial approval of this Agreement and dismissal of this lawsuit. The failure to secure the dismissal of the Litigation *with prejudice*, for whatever reason, will nullify this Agreement in all respects.

6.  **Timing of Payment:** Defendant shall deliver the checks described in Paragraph No. 2 of this Agreement so that they are actually received by Plaintiff's Counsel as set forth, above. Time is of the essence as to the Settlement Payments required by this Agreement and all terms of this Agreement.

7.  **Mutual Release.** In exchange for and conditioned upon timely performance and delivery of all of the consideration described herein, Plaintiff, on behalf of himself and his heirs, successors, agents, and all other related persons or entities, and Defendant, on behalf of itself, and its subsidiary, parent, and successor companies, hereby unconditionally and irrevocably release, remise and forever discharge each other of and from any and all complaints, actions, suits, charges, and any claims for counsel fees and costs, unpaid or withheld wages, severance, demands, costs, losses, benefits, bonuses, or commissions, and/or expenses, of any nature whatsoever, asserted or unasserted, named or unnamed, suspected or unsuspected, existing from the beginning of time through the date of this Agreement arising out of or relating to Plaintiff's employment or relationship with, and/or termination of his employment or relationship with Defendant or otherwise, including, without limitation, any and all actions, causes of action, claims for or charges of breach of contract, defamation or other tort, wrongful termination, unpaid compensation, and/or for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Rehabilitation Act of 1973, the Civil Rights Act of 1991, the Americans with Disabilities Act of 1990, the Equal Pay Act, the Family and Medical Leave Act of 1993, the Fair Labor Standards Act of 1938, the Employee Retirement Income Security Act of 1974, the Lilly Ledbetter Fair Pay Act of 2009, the Sarbanes-Oxley Act of 2002, all as amended (if applicable), and any other federal, state, local

and/or municipal human rights statutes, fair employment statutes, laws and/or regulations pertaining to employment, the termination of employment, or discrimination in employment. It is expressly understood and agreed that the release contained in this Agreement is a general release.

8. **No Outstanding or Known Future Claims/Causes of Action.** Each Party affirms that it has not filed with any governmental agency or court any type of action, report, or complaint against the other Party (other than the Litigation), and currently knows of no existing act or omission by the other Party that may constitute a claim or liability excluded from the release in Paragraph No. 7 above.

9. **No Admission of Liability.** The Parties acknowledge that the Settlement Payment was agreed upon as a compromise and final settlement of disputed claims and that payment of the Settlement Payment is not, and may not be construed as, an admission of liability by Defendant and is not to be construed as an admission that Defendant engaged in any wrongful, tortious or unlawful activity. Defendant specifically disclaims and denies any liability to Plaintiff or that it engaged in any wrongful, tortious or unlawful activity.

10. **Non-Disparagement.** The Parties agree that, unless required to do so by legal process, Plaintiff and Defendant's officers and directors will not make any disparaging statements or representations, either directly or indirectly, whether orally or in writing, by word or gesture, to any person whatsoever, about the other Party or any of the other Party's its directors, officers, employees, agents or representatives.

For purposes of this Paragraph, a disparaging statement or representation is any communication which, if publicized to another, would cause or tend to cause the recipient of the communication to question the business condition, integrity, competence, good character or product quality of the person or entity to whom the communication relates.

11. **No Future Employment Relationship between the Parties.** Plaintiff agrees to never knowingly seek or accept rehire or employment, either directly, through a temporary agency, or by any other method, with Defendant or its current or future affiliated companies (collectively, "Defendant's Companies"). Plaintiff agrees that Defendant's Companies shall have no obligation to engage his services in any capacity (*e.g.*, as an employee, contractor, temporary employee, or consultant) in the future and that any application or request for employment or work may be denied solely based on Plaintiff's breach of this provision of the Agreement.

12. **Agreement is Legally Binding.** The Parties intend this Agreement to be legally binding upon and shall inure to the benefit of each of them and their respective successors, assigns, executors, administrators, heirs and estates. Moreover, the persons and entities referred to in Paragraph No. 7 above, but not a Party, are third-party beneficiaries of this Agreement.

13. **Entire Agreement.** The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement. This Agreement constitutes

the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the parties hereto.

**14. New or Different Facts: No Effect.** Except as provided herein, this Agreement shall be, and remain, in effect despite any alleged breach of this Agreement or the discovery or existence of any new or additional fact, or any fact different from that which either Party now knows or believes to be true. Notwithstanding the foregoing, nothing in this Agreement shall be construed as, or constitute, a release of any Party's rights to enforce the terms of this Agreement.

**15. Interpretation.** Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement. The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation.

**16. Governing Law and Choice of Forum.** This Agreement is made and entered into within and shall be governed by, construed, interpreted and enforced in accordance with the laws of the State of Georgia, without regard to the principles of conflicts of laws. Any action to enforce this Agreement shall be brought only in a proper state or federal court within the State of Georgia.

**17. Reliance on Own Counsel.** In entering into this Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other Party. The Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other Party or by that other Party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement or otherwise.

**18. Counterparts.** This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**19. Drafting.** The Parties agree that they jointly have agreed to the terms and language used herein and that no ambiguity will be construed against any party for having "drafted" this Agreement.

**20. Authority to Execute Agreement.** Each Party warrants and represents that the person signing this Agreement on its behalf has authority to bind that Party and that the Party's execution of this Agreement is not in violation of any by-law, covenants and/or other restrictions placed upon them by their respective entities, if any. The Parties do, by the signatures of their respective attorneys, below, acknowledge that they have authorized

their respective attorneys to bind them to this Agreement and that they are bound by this Agreement as if they had signed this Agreement themselves.

21. **Facsimile/Electronic Signatures.** Execution delivered by facsimile or electronic mail shall be deemed effective as if executed in original.

| PLAINTIFF JORGE CRUZ | YES! COMMUNITIES, INC. |
|---|---|
| *(signed)* Jorge Cruz | YES! Communities, Inc. |
| Date: 02/18/2016 | By: _____ |
| | Its: _____ |
| | Date: _____ |

their respective attorneys to bind them to this Agreement and that they are bound by this Agreement as if they had signed this Agreement themselves.

21. **Facsimile/Electronic Signatures.** Execution delivered by facsimile or electronic mail shall be deemed effective as if executed in original.

PLAINTIFF JORGE CRUZ					YES! COMMUNITIES, INC.

_____			YES! Communities, Inc.
Jorge Cruz						By: Jean Gonzales
							Its: Director of Human Resources
Date: _____

							Date: February 18, 2016